IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DURGA PROPERTY HOLDINGS, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CITY OF EFFINGHAM, ILLINOIS,**<br><br>**Defendant.** | Case No. 3:24-cv-01773-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of Defendant City of Effingham, Illinois's ("The City") Motion to Dismiss (Doc. 16). This Court grants The City's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In July 2024, Plaintiff Durga Property Holdings, Inc. ("Durga") filed an action under 42 U.S.C. § 1983, alleging a violation of Durga's constitutional rights under the Fourteenth and Fifth Amendments and the Contract Clause of the United States Constitution, and Article I, Sections 2, 4 and 5 of the Illinois Constitution. (Doc. 1).

The City responded by filing a Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction under Rule 12(b)(1), or in the alternative, that the Court should abstain from entertaining the case under the doctrine of *Younger* abstention.

(Doc. 16). The Court entered a jurisdictional order *sua sponte*, requiring Durga to respond to The City's Motion to Dismiss. (Doc. 18). Durga filed a response on October 30, 2024. (Doc. 19).

## APPLICABLE LAW AND LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a party may assert the defense of a lack of subject-matter jurisdiction in a motion to dismiss.

## ANALYSIS

Under the *Rooker-Feldman* doctrine, district courts lack the subject-matter jurisdiction to review state court rulings. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 479-82 (1983). The lower federal courts are barred from reviewing the final judgment of a state's highest court because review of such a determination is an exercise of appellate jurisdiction, available only in the U.S. Supreme Court. *ASARCO Inc. v. Kadish*, 490 U.S. 605, 622 (1989).

To determine the applicability of the *Rooker-Feldman* doctrine, the analysis turns on whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). "If the injury alleged resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal courts lack jurisdiction. If…the party maintains an injury apart from the loss in state court and not 'inextricably intertwined' with the state judgment… *Rooker-Feldman* does not [apply]." *Id.* at 1365-66. While "inextricably intertwined" has proven to be a slippery concept, the

"crucial point is whether 'the district court is in essence being called upon to review the state-court decision.'" *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993) (quoting *Feldman*, 460 U.S. at 483–84 n. 16).

Once courts have determined that a claim is inextricably intertwined, they must then determine whether "the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings." *Taylor v. Fed. Nat. Mortg. Ass'n,* 374 F.3d 529, 533 (7th Cir. 2004). A litigant must "point[ ] to some factor independent of the actions of the opposing party that precluded the litigants from raising their federal claims during the state court proceedings." *Long v. Shorebank Development Corp.*, 182 F.3d 548, 558 (7th Cir. 1999). This is typically either an action taken by the state court or state court procedures in place preventing the presentation certain claims to the state court. *Id.*

Count I of Durga's complaint alleges a violation under 42 U.S.C. § 1983. The *Rooker–Feldman* doctrine generally bars a plaintiff from bringing a § 1983 suit to remedy an injury inflicted by the state court's decision. *Durgins v. City of East St. Louis*, 272 F.3d 841 (7th Cir. 2001). "A court must closely examine a federal § 1983 complaint to determine whether the litigant challenges the underlying procedure as unconstitutional or instead seeks review of the state court judgment in his case." *Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir. 1996). In *Young*, the Court found that *Rooker-Feldman* applied, finding that the plaintiff was challenging the "specifics" of the proceedings rather than the constitutionality of the underlying procedures. Though in the form of a Section 1983 action, Durga essentially argues in Count I of

its complaint that the state court erred in not determining that the City's conduct amounted to a taking under the Takings Clause of the U.S. Constitution. For this Court to grant Durga relief would be to effectively reverse the state court's judgment. In other words, it would be impossible to grant relief from this perceived harm without "disregarding or effectively vacating" the state-court judgment. *Abatangelo v. Wells Fargo Bank, N.A.*, 719 F. App'x 520, 522 (7th Cir. 2017). Accordingly, *Rooker-Feldman* bars such a ruling by this Court.

Even if this Court were to determine that Durga's 1983 claim did not amount to a reversal of the state court's decision, that claim, along with the rest of the claims presented in the Complaint, suffer from a second infirmity: Durga had the opportunity to litigate all its claims in state proceedings. In *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 901–902 (7th Cir. 2010), the Seventh Circuit concluded that the plaintiff had a reasonable opportunity to litigate his constitutional claims through a petition for rehearing or an appeal to the state supreme court. The denial of the plaintiff's petition to the state supreme court did not compel the conclusion that the plaintiff lacked the opportunity to raise its constitutional claims. *See Gilbert*, 591 F.3d at 902. The same situation exists in this case, and the fact that the Illinois Supreme Court rejected Durga's petition does not alter the analysis. Therefore, this Court lacks jurisdiction under *Rooker-Feldman* on the ground that Durga had the opportunity to litigate its constitutional claims at the state court level, making review of them in this Court inappropriate.

## CONCLUSION

For the reasons set forth above, The City's Motion to Dismiss (Doc. 16) is **GRANTED.** Durga's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:** November 1, 2024

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
